UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LADMARALD CATES,<br><br>                         Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | Case No. 14-CV-1092-JPS<br><br><br><br>ORDER |

      In a July 10, 2015 Order, the Court resolved the majority of claims in Ladmarald Cates' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #9). One claim, however, remained open for review: whether trial counsel was ineffective in failing to review grand jury materials she received. (*See, e.g.*, Docket #9 at 35–36, 64–65). The court requested that the Government submit documents relevant to that claim, and then provided Mr. Cates ample opportunity to further brief that claim (in fact, the Court provided him with multiple extensions to file a brief). (*See, e.g.*, Docket #9 at 64–65; Docket #11, #12, #14, #16). Mr. Cates never filed a brief, though, so the Court found that he had waived his opportunity to brief the claim further and requested that the Government submit its final brief addressing the claim. (Docket #16 at 1–2). The Government has now submitted its brief, and the matter is ready for resolution. (Docket #17).

      The Court is obliged to dismiss Mr. Cates' remaining claim for relief. With this claim, Mr. Cates argued that his trial counsel, Bridget Boyle, improperly "failed to review the grand jury materials consisting of transcripts and minutes that would reveal in any violations, including but not limited to false testimony, was presented to the grand jury in order to

indict the Movant. Counsel could have reviewed the Indictment to examine if it was duplicitous…. Counsel could have examined to see if the government had committed any violations or abuses in indicting the Movant." (Docket #1 at 5). "Under the familiar two-pronged test of *Strickland*, [Mr. Cates] must show both that his attorney's performance was deficient and that he was prejudiced as a result." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984); *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015)). Mr. Cates cannot establish either prong. To begin, there is no evidence that Ms. Boyle's performance was deficient. She has stated that she reviewed the grand jury materials she received and found no evidence of abuse. (Docket #7 ¶ 7(b)). Mr. Cates, meanwhile, has not cast any doubt on that representation. Additionally, the indictment of Mr. Cates was not duplicitous, as the Court established more fully in earlier orders. (Docket #9 at 36). There is also evidence in the record that Ms. Boyle *did* review the grand jury materials in her possession: she referred to testimony given therein during her examination of a witness. (Case No. 11-CR-200, Docket #65 at 408:25–409:13). Especially in light of the "'strong presumption that counsel's conduct falls within the wide range of professional assistance,'" *Vinyard*, 804 F.3d at 1225 (quoting *Strickland*, 466 U.S. at 688), the Court cannot find any deficient performance on Ms. Boyle's behalf with regard to her review of the grand jury materials. Moreover, given that there is no basis in the transcripts for finding errors in the grand jury process, Mr. Cates also could not possibly establish the prejudice prong of *Strickland*. Therefore, the Court is obliged to dismiss Mr. Cates' final claim for relief.

Having addressed and found without merit each of Mr. Cates' claims for relief, the Court will deny in full his § 2255 motion; and, in doing so, the

Page 2 of 15

Case 2:14-cv-01092-JPS   Filed 01/27/16   Page 2 of 15   Document 18

Court must also issue or deny a certificate of appealability ("COA"). *See* Rule 11 of the Rules Governing § 2255 Cases in the United States District Courts. The Court can grant Mr. Cates a COA only if it finds that Mr. Cates "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). If the Court determines that it should issue a COA, it must "indicate which specific issue or issues" the COA covers. 28 U.S.C. § 2253(c)(3). The Court will, therefore, consider each of Mr. Cates' claims separately to determine whether it should issue a COA as to those claims. In doing so, it will use the same framework as in its earlier order addressing the majority of Mr. Cates' claims. (*See* Docket #9 at 29–64).

| INEFFECTIVENESS OF TRIAL COUNSEL ||
|---|---|
| Ground | COA Determination |
| One | Because Mr. Cates was indicted, he was not entitled to a preliminary hearing. Fed. R. Cr. P. 5.1(a); 18 U.S.C. § 3060(e). Trial counsel was, therefore, not ineffective for failing to request one. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Two | (1) There was no basis for a motion to suppress and, therefore, trial counsel was not ineffective for failing to file a suppression motion. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

| | |
|---|---|
| | (2) Trial counsel reviewed the grand jury materials she received, and thus did not offer deficient performance in that regard. Even if she had not reviewed those materials, there is no indication of prejudice. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (3) The indictment was not duplicitous, so failure to challenge it as such was not deficient performance. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (4) There is no indication that any witness offered false testimony, so trial counsel could not be ineffective in failing to challenge false or manufactured evidence. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (5–6) Trial counsel met with Mr. Cates on numerous occasions, and so was not deficient in preparing him for trial. Even if she had not met with him often enough, though, there is no indication that Mr. Cates was prejudiced. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (7) Reasonable jurists might disagree over whether Ms. Boyle's lack of trial strategy discussions with Mr. Cates was constitutionally ineffective. She was not required to obtain Mr. Cates' consent to "every tactical decision," *see Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988), and so the Court does not believe that trial counsel acted deficiently in this regard. Additionally, Mr. Cates has not established prejudice stemming from any such deficient performance. Nonetheless, the duty of attorneys to discuss strategy with clients is not perfectly defined, *see Florida v. Nixon*, 543 U.S. 175, 187 (2004), so the Court can envision reasonable jurists disagreeing on this point.<br>The Court will issue a COA on this question. |

| | |
|---|---|
| | (8) Trial counsel effectively prepared Mr. Cates to testify, and Mr. Cates performed well in his testimony. Thus, neither *Strickland* prong is satisfied on this claim. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (9) Trial counsel performed well during trial; any later disciplinary proceedings against her do not establish otherwise. The Court has not found any indication of deficient performance or prejudice in trial counsel's conduct at trial. To the extent that Mr. Cates rested an argument on this point, no reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (10) Reasonable jurists might disagree over whether trial counsel should have called Kandice Velez as a witness. Ms. Velez provided a version of events that differed slightly from the victim's version. The Court believes that any difference would be so minor that Mr. Cates did not suffer prejudice as a result of trial counsel's failure to call Ms. Velez. But reasonable jurists might disagree over that point.<br>The Court will issue a COA on this question.<br><br>   On the other hand, it is not clear what other witnesses trial counsel might have called on Mr. Cates' behalf. Thus, the Court cannot find that she was deficient in failing to call those witnesses, nor that such failure prejudiced Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (11) There is no evidence whatsoever that the FBI's reports were fabricated. Accordingly, trial counsel was not ineffective for challenging those reports and Mr. Cates did not suffer prejudice as a result. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

| Three | (1) Reasonable jurists might disagree over whether trial counsel was ineffective in failing to challenge the jury's and venire's racial makeup. The Court does not believe that any challenge was likely to be successful and trial counsel stated that her failure to make such a challenge was strategic. Accordingly, the Court found that there was neither deficient performance nor prejudice in this regard. Nonetheless, given that there was only one African-American on the venire (a very low number), the Court can envision reasonable jurists disagreeing on this point.<br>The Court will issue a COA on this question. |
|---|---|
| | (2) There was no exculpatory evidence that trial counsel failed to use that might have helped Mr. Cates' case. Trial counsel highlighted inconsistencies in the testimony of the Government's witnesses and allowed Mr. Cates to provide his version of events. That is all that the Court is aware that she could have introduced. Failure to do more was, therefore, not deficient and did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (3) Trial counsel's stipulation to entry of DNA evidence was not ineffective. Mr. Cates had admitted during an early interrogation that he had sex with the victim and also admitted that fact during trial. The DNA evidence established only that fact, and thus made no difference to the outcome of the case. Trial counsel's stipulation, therefore, did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (4) Trial counsel was not ineffective for failing to raise the Milwaukee County District Attorney's decision not to prosecute the case. The Court would not have let that evidence come before the jury, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. Trial counsel's failure in that regard, therefore, did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

|  | (5) Trial counsel was not ineffective for failing to impeach the victim with her prior criminal record. There is no indication that any such evidence would have been admissible under Fed. R. Ev. 609(a)(1). The failure to impeach the victim on that basis, therefore, was not deficient and did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
|---|---|
|  | (6) Trial counsel was not ineffective in addressing a question sent to the Court by the jury. The Court adopted trial counsel's position in addressing that question. It is not clear what more she could have asked for. Therefore, she did not act deficiently and the Court cannot identify any prejudice to Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
|  | (7) The Court has already found that Mr. Cates is entitled to a COA regarding trial counsel's failure to call Ms. Velez. |
| Four | There is no evidence whatsoever to support Mr. Cates' claim that trial counsel colluded with the Government. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Five | The Court applied 18 U.S.C. § 3143(a) and concluded that it was required to detain Mr. Cates following the return of the jury's verdict. The Court believes that it was clearly required to do so under the terms of that statute. Trial counsel, therefore, did not act deficiently in failing to achieve Mr. Cates' release. Moreover, it is not clear how he was prejudiced by his post-trial detention. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Six | (1) There is no evidence that the Government falsified or altered any reports in this case. There also is not any evidence (aside from Mr. Cates' unsubstantiated beliefs) that there was a *rumor* of such falsification. Trial counsel, therefore, could not have acted deficiently in failing to investigate such non-existent rumors. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

| |
|---|
| (2) There was no basis for trial counsel to request a new trial and, therefore, her failure to do so was not deficient performance and did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| (3) Trial counsel was not constitutionally ineffective in failing to visit Mr. Cates between the verdict and the completion of the presentence report. Mr. Cates would have had a right to trial counsel's presence at any meeting regarding the preparation the presentence report. And, while trial counsel's law partner did make attempts to meet with Mr. Cates, it does not appear that trial counsel ever did so. This may have been deficient, but it is not clear that this prejudiced Mr. Cates in any way. Through replacement sentencing counsel, Mr. Cates was able to object to the presentence report. It is, therefore, unclear how trial counsel's visiting Mr. Cates could have impacted him. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| (4) Trial counsel's failure to inform Mr. Cates of the disciplinary proceedings against her was not deficient and did not prejudice Mr. Cates. It is not clear that trial counsel had any duty to inform Mr. Cates of the disciplinary proceedings. Moreover, trial counsel made other arrangements to ensure that Mr. Cates had counsel. The Court, therefore, cannot find deficiency or prejudice. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| (5) Because Mr. Cates had an opportunity to object to his presentence report via his replacement sentencing counsel, any failure by trial counsel to prepare Mr. Cates for his presentence report had no effect on Mr. Cates. There was, accordingly, no prejudice. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

| Seven | It is unclear how the disciplinary proceedings against trial counsel in an unrelated case could constitute deficient performance or prejudice to Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
|---|---|

| INEFFECTIVENESS OF SENTENCING/APPELLATE COUNSEL ||
|---|---|
| Ground | COA Determination |
| Eight | (1) Reasonable jurists might disagree over whether sentencing counsel was ineffective in failing to make a record regarding trial counsel's deficient performance or to move for a new trial. As the Court has already noted, reasonable jurists might disagree over whether some of trial counsel's performance was deficient. Thus, reasonable jurists might also disagree whether sentencing counsel should have recognized those potential errors and made a record and/or motion for a new trial on that basis.<br>The Court will issue a COA on this question. |
| | (2) Sentencing counsel's failure to document allegedly false trial testimony was not deficient and did not prejudice Mr. Cates. As the court has discussed extensively throughout the pendency of this action, there is no indication that there was any false testimony. Therefore, failure to document such testimony, could not have been deficient nor could it have prejudiced Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| | (3) Sentencing counsel's work on the presentence report was effective and, in fact, helped Mr. Cates. Sentencing counsel challenged the presentence report in multiple ways, and the Court sustained his challenges. Mr. Cates has not provided any additional basis on which sentencing counsel could have challenged the presentence report. Accordingly, the Court cannot find any basis to hold sentencing counsel ineffective. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

|  | (4)  Sentencing counsel was not ineffective for failing to challenge the presentence report's version of the factual events on which Mr. Cates was convicted. A jury found Mr. Cates guilty of those very events. Therefore, sentencing counsel had no basis to challenge those facts in the pre-sentence report, and his failure to do so could not have been deficient or have prejudiced Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
|---|---|
| Nine | (1)  Reasonable jurists might disagree over whether appellate counsel should have challenged the Court's jury instructions on appeal. The Court found that appellate counsel's performance on appeal could not have been deficient, because he raised his strongest argument. But reasonable jurists could disagree over that point and could also disagree over whether appellate counsel could have shown clear error in the jury instructions on appeal.<br>The Court will issue a COA on this question. |
|  | (2)  Appellate counsel's failure to challenge factual issues in the presentence report was not ineffective. Even if the issue that appellate counsel raised on appeal was *not* the strongest, the presentence report issue was clearly meritless. Therefore, failure to raise it did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
|  | (3)  Appellate counsel's failure to challenge the alleged inconsistencies in witness testimony was not ineffective. Even if the issue that appellate counsel raised on appeal was *not* the strongest, the inconsistency issue was clearly meritless. Therefore, failure to raise it did not prejudice Mr. Cates. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

|  | (4) Reasonable jurists might disagree over whether appellate counsel should have challenged trial counsel's effectiveness on appeal. The Court found that appellate counsel's performance on appeal could not have been deficient, because he raised his strongest argument. But reasonable jurists could disagree over that point and, as the Court has already noted, reasonable jurists might also disagree over whether trial counsel acted ineffectively, so reasonable jurists might also disagree over whether appellate counsel should have challenged that activity on direct appeal.<br>The Court will issue a COA on this question. |
|  | (5) Reasonable jurists might disagree over whether appellate counsel should have raised a sufficiency-of-the-evidence argument on direct appeal. The Court found that appellate counsel's performance on appeal could not have been deficient, because he raised his strongest argument. But reasonable jurists could disagree over that point and could also disagree over whether appellate counsel should have challenged the sufficiency of the evidence on direct appeal.<br>The Court will issue a COA on this question. |
|  | (6) Reasonable jurists might disagree over whether appellate counsel should have raised a challenge to Mr. Cates' sentence. The Court found that appellate counsel's performance on appeal could not have been deficient, because he raised his strongest argument. But reasonable jurists could disagree over that point and could also disagree over whether appellate counsel should have raised a challenge to Mr. Cates' sentence.<br>The Court will issue a COA on this question. |

| CHALLENGES TO SENTENCE ||
|---|---|
| Ground | COA Determination |
| Ten | *Alleyne* does not apply retroactively on direct appeal, *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015), so Mr. Cates could not raise this ground and the Court's dismissal of it was correct. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Eleven | The jury specifically found Mr. Cates guilty of aggravated sexual abuse, subjecting him to a higher term in prison than he believes was correct. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

| CHALLENGES TO PRETRIAL AND TRIAL PROCEDURE ||
|---|---|
| Ground | COA Determination |
| Twelve | Mr. Cates' indictment was neither duplicitous nor multiplicitous (no matter which ground Mr. Cates sought to argue). Mr. Cates was charged with two entirely separate crimes and the jury was asked to answer which of those crimes he was guilty of. There was nothing improper in the indictment. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Fifteen | Mr. Cates was subject to an indictment and, therefore, not entitled to a preliminary hearing. Fed. R. Cr. P. 5.1(a)(2). No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Sixteen | Trial counsel did not challenge the makeup of the jury or the venire, so Mr. Cates cannot raise a substantive challenge to that effect in this collateral proceeding. *See Aki-Khuam v. Davis*, 339 F.3d 521, 526 (7th Cir. 2003). No reasonable jurist could disagree (although the Court notes that it is issuing a COA allowing Mr. Cates to argue that trial counsel was ineffective for failing to raise this argument).<br>The Court will deny a COA on this question. |

| CHALLENGES TO GOVERNMENT'S HANDLING OF EVIDENCE ||
|---|---|
| Ground | COA Determination |
| Thirteen | There is no evidence whatsoever that the government fabricated any evidence at any point of any proceeding in this case. The Court's dismissal of this claim was, therefore, appropriate. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Fourteen | There is no evidence whatsoever that the government fabricated any evidence at any point of any proceeding in this case. The Court's dismissal of this claim was, therefore, appropriate. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Seventeen | There is no evidence whatsoever that the government fabricated any evidence at any point of any proceeding in this case. The Court's dismissal of this claim was, therefore, appropriate. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Eighteen | There is no indication whatsoever that the Government failed to turn anything over to Mr. Cates. Therefore, there cannot be a *Brady* violation. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |
| Nineteen | There is no evidence whatsoever that the government fabricated any evidence at any point of any proceeding in this case. The Court's dismissal of this claim was, therefore, appropriate. No reasonable jurist could disagree.<br>The Court will deny a COA on this question. |

In sum, the Court will deny a COA over most of the questions it addressed in its earlier orders, but will issue a COA on the following eight questions:

(1) whether trial counsel was constitutionally ineffective in failing to discuss trial strategy more fully with Mr. Cates;

(2) whether trial counsel was constitutionally ineffective in failing to call Kandice Velez as a witness;

(3) whether trial counsel was constitutionally ineffective in failing to challenge the jury's and venire's racial makeup;

(4) whether sentencing counsel was constitutionally ineffective in failing to make a record regarding trial counsel's deficient performance or to move for a new trial on that basis;

(5) whether appellate counsel was constitutionally ineffective in failing to challenge the Court's jury instructions on appeal;

(6) whether appellate counsel was constitutionally ineffective in failing to challenge trial counsel's effectiveness on appeal;

(7) whether appellate counsel was constitutionally ineffective in failing to raise a sufficiency-of-the-evidence argument on appeal;

(8) whether appellate counsel was constitutionally ineffective in failing to challenge Mr. Cates' sentence on appeal.

The last matter that the Court must take up is Mr. Cates' most recent motion for disclosure of grand jury materials. (Docket #15). The Court agrees with the Government that the request should be denied. (Docket #17 at 3–5). The basis for Mr. Cates' request is his unsubstantiated conclusion that the Government somehow abused the grand jury process. Mr. Cates' actions—taken at their most innocent, he had sex with the victim of a crime while on active duty and investigating that crime—clearly supported his indictment in this case. There simply is no evidence of abuse of the grand jury process. Moreover, some of the requests Mr. Cates has made do not even appear to be available from the Government. (*See* Docket #17 at 4–5). And the documents that are available have either already been disclosed or are irrelevant to Mr. Cates' allegations. (*See* Docket #17 at 4–5). For these reasons, the Court will deny Mr. Cates' most recent motion for disclosure of grand jury materials.

Accordingly,

IT IS ORDERED that Mr. Cates' § 2255 motion (Docket #1) be and the same is hereby DENIED in its entirety;

IT IS FURTHER ORDERED that, the Court having rejected all of Mr. Cates' claims in his § 2255 motion, a certificate of appealability be and the same is hereby GRANTED as to the eight questions detailed above and DENIED as to the remaining questions;

IT IS FURTHER ORDERED that Mr. Cates' most recent motion for disclosure of grand jury materials (Docket #15) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge